UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:22-cv-11856-ADB

**TARA HARMON,**
*Plaintiff*,

v.

**BOSTON MEDICAL CENTER,**
*Defendant*.

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANT'S OBJECTIONS TO REQUESTS FOR ADMISSIONS

BACKGROUND

This is a case in which Plaintiff alleges religious discrimination in employment. Defendant terminated Plaintiff's employment because Plaintiff's religious beliefs prevented her from complying with Defendant's requirement that she be injected with products advertised as COVID-19 vaccines. In denying Plaintiff's request on September 24, 2021, Defendant stated:

> Given the significant increase in COVID-19 transmission in recent weeks, we are concerned that it would not be safe for our patients, their families, our employees, or you if you have not been vaccinated against COVID-19.

Complaint, Exhibit B. The basis for denying Plaintiff's request was the notion that if Plaintiff remained un-injected she would be more likely to catch and transmit COVID-19, whereas if she did get injected she would be less likely to catch and transmit COVID-19. Defendant's reason for denying Plaintiff's request and terminating Plaintiff's employment was the theory that the products were effective in preventing recipients from contracting and transmitting COVID-19, which was the express rationale for Defendant's immunization policy:

> In an effort to protect the health and safety of patients, visitors, medical and non-medical personnel, and the public, and decrease the risk of contracting and spreading the deadly, highly contagious COVID-19 virus, BMC implemented a COVID-19 Immunization Policy on July 13, 2021.

See Exhibit C, p. 5 attached hereto.

Plaintiff's position is that Defendants knew or should have known that this rationale had no factual basis. In paragraph 8 of her Complaint, Plaintiff alleges that "[a]t all material times, Defendant knew or should have known that the products advertised as 'COVID-19 vaccines' do not stop recipients from contracting and transmitting COVID-19." In its Answer, Defendant states:

> Defendant objects to Paragraph 8 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 8.

This response appears to deny Plaintiff's allegation that the products do not stop recipients from contracting and transmitting COVID-19. To put the matter more positively, by denying the allegation Defendant seems to be taking the position that the products _do_ stop recipients from contracting and spreading COVID-19.

In paragraph 13 of her Complaint, Plaintiff alleges that "[t]he products known as 'COVID-19 vaccines' produced by Johnson & Johnson, Moderna, and Pfizer do not prevent recipients from contracting and transmitting COVID-19." In its Answer, Defendant states:

> Defendant objects to Paragraph 13 of the Complaint as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint. To the extent an answer is required, Defendant admits that it is, at the time of the filing of this Answer, published that COVID-19 vaccination – while it significantly protects against COVID-19 infection and against severe illness, hospitalization, and death – does not eliminate all risk of a breakthrough infection. Defendant denies any remaining allegations in Paragraph 13.

In this response, Defendant states that "it is... published that COVID-19 vaccination significantly protects against COVID-19 infection.... [but] does not eliminate all risk of a breakthrough infection." In its Answer, therefore, Defendant takes the position that the products provide significant protection against infection with COVID-19.

Plaintiff anticipates that Defendant will argue that accommodating Plaintiff's request for exemption would have caused Defendant undue hardship. The burden is on an employer to demonstrate undue hardship. In this case, the existence of undue hardship hinges on the (in)efficacy of the products: If getting injected would not have stopped Plaintiff from catching and spreading COVID-19, Defendant would have sustained no undue hardship by letting Plaintiff continue working un-injected. By way of the Requests for Admissions, Plaintiff seeks to narrow the area of dispute so as to determine what she needs to prove, or rebut, at trial, an objective that is consistent with the purpose of Rule 36, i.e.

> to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact.

*Romano v. Computershare, Inc.*, No. 3:17-CV-10208-MGM, 2020 WL 6907076, at *3 (D. Mass. Nov. 24, 2020) quoting 8B C.A. Wright & A.R. Miller, *Federal Practice and Procedure* § 2253 (3d ed. 2010). When Defendant terminated Plaintiff's employment, it took the position that doing so was necessary because unless Plaintiff was injected with a COVID-19 vaccine she would be at risk of catching and spreading COVID-19. Plaintiff seeks to know whether Defendant will take that position at trial.

## REQUEST FOR ADMISSIONS AND OBJECTIONS

Rule 36 (a) of the Federal Rules of Civil Procedure provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinions about either; and
>
> (B) the genuineness of any described documents.

Here, Plaintiff requested that Defendant admit or deny the truth of two factual statements regarding vaccine efficacy. On November 3, 2022, Plaintiff served the following requests for admissions, to which Defendant responded with the following objections:

ADMISSION 1

That COVID-19 vaccines do not prevent recipients from contracting COVID-19.

RESPONSE NO. 1:

BMC objects to this request on the basis that the terms "prevent," "contracting," "recipients" and "COVID-19" are vague and ambiguous in the context here of asking BMC to admit or deny a highly complex scientific conclusion that is actively being debated in the scientific community. Further responding, BMC states that because of the statistical, empirical, and scientific analysis necessary for BMC to respond to this request for admission with its own opinion, it cannot be admitted or denied by BMC even after reasonable inquiry.

ADMISSION 2

That COVID-19 vaccines do not prevent recipients from transmitting COVID-19.

RESPONSE NO. 2:

BMC objects to this request on the basis that the terms "prevent," "transmitting," "recipients" and "COVID-19" are vague and ambiguous in the context here of asking BMC to admit or deny a highly complex scientific conclusion that is actively being debated in the scientific community. Further responding, BMC states that because of the statistical, empirical, and scientific analysis necessary for BMC to respond to this request for admission with its own opinion, it cannot be admitted or denied by BMC even after reasonable inquiry.

A true copy of the Request for Admissions is attached hereto as Exhibit A, and a true copy of the Objections is attached hereto as Exhibit B. Following receipt of the Objections, Plaintiff's counsel wrote to counsel for Defendant (Exhibit C), and counsel for Defendant replied in writing (Exhibit D).

ARGUMENT

Defendant contends that the terms "prevent," "transmitting," "recipients" and "COVID-19" are vague and ambiguous. Like many words in the English language, the words "prevent" and "transmitting" may have more than one meaning, depending on the circumstances. Here, however, in the context of this case, their meaning is clear and precise. For the avoidance of doubt, Plaintiff's counsel explained their intended meaning in the letter to counsel for Defendant (Exhibit C):

> "Prevent" means "stop," as in "getting injected with this product will stop you catching the disease."
>
> "Transmitting" means "spreading."
>
> "Recipients" means individuals receiving the product, as in "by way of the injection, the patient received the product."

As for the term "COVID-19," it is difficult to come up with more than one meaning and to discern any ambiguity. In any event, as Plaintiff explained in the letter to counsel for Defendant (Exhibit C), the term "COVID-19" means the disease caused by the virus known as Severe Acute Respiratory Syndrome Coronavirus 2 (SARS-CoV-2).

Turning to the substance of the objections, if the question of efficacy is, as Defendant contends, "a highly complex scientific conclusion that is actively being debated in the scientific community," then Defendant can deny the truth of the statements. It can take the position that the products <u>do</u> prevent recipients from contracting and transmitting COVID-19. That, after all, was the reason for its policy in the first place.

Defendant objects that it cannot answer one way or the other because doing so would require "statistical, empirical, and scientific analysis." But this is not a sufficient basis for an objection. If Defendant knows that an analysis is necessary, it should either conduct it (it is, after

all, a hospital) and answer accordingly, or state in its answer why it cannot do so. Rule 36 (a) (4) provides:

> The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

The correct place for such an assertion of lack of knowledge or information and for a statement as to reasonable inquiry is in the answer itself, not in an objection. Defendant could qualify its denial by describing the "statistical, empirical, and scientific analysis necessary for BMC to respond to this request for admission with its own opinion." The bare statement that some analysis is necessary falls short of the specificity that an answer requires. The Court of Appeals for the First Circuit has held that "Rule 36 requires specificity, detailed explanation when a truthful answer cannot be framed, good faith, and fairness." *United States v. Kenealy*, 646 F.2d 699, 703 (1st Cir. 1981). If Defendant opts for a qualified denial, it should provide a detailed explanation of what sort of statistical, empirical, and scientific analysis is necessary in order for it to render an opinion as to whether COVID-19 vaccines prevent recipients from contracting and spreading COVID-19.

If Defendant does qualify its denial with a detailed explanation as to why it cannot opine on the efficacy of the products, it should then be estopped from taking a contrary position at trial, i.e. arguing that the COVID-19 vaccines <u>do</u> prevent recipients from catching and spreading COVID-19.

## CONCLUSION

Defendant's objections should be overruled, and the Court should order Defendant to either admit or deny that the products prevent recipients from contracting and transmitting COVID-19.

                                                Respectfully Submitted
                                                Tara Harmon
                                                By Her Attorney:

                                                _____
                                                Peter Vickery, Esq.
                                                Bobrowski & Vickery, LLC
                                                27 Pray Street
                                                Amherst, MA 01002
                                                BBO# 641574
                                                Tel. (413) 992 2915
March 1, 2023                                 Email: peter@petervickery.com

## LOCAL RULE 7.1 (a) (2) AND 37.1 CERTIFICATE

I, Peter Vickery, Esq., certify that I have corresponded and conferred with counsel for Defendant and attempted in good faith to narrow or resolve the issue.

I further certify that on February 2, 2023, I sent opposing counsel a letter attempting to address the objections to the requests for admissions; on February 15, 2023, opposing counsel replied; and on February 17, 2023, at approximately 10:00am, opposing counsel and I conferred by telephone.

                                                _____
March 1, 2023                                 Peter Vickery, Esq.

## CERTIFICATE OF SERVICE

I, Peter Vickery, Esq., certify that this 1st day of March, 2023, I caused the foregoing document to be filed through the ECF system and that it will be served on all parties as provided by the Notice of Electronic Filing (NEF)

                                                _____
                                                Peter Vickery, Esq.