UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARA HARMON,
    Plaintiff,

v.

BOSTON MEDICAL CENTER,
    Defendant.

Civil Action No. 1:22-CV-11856-ADB

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANT'S OBJECTIONS TO REQUESTS FOR ADMISSIONS

Defendant Boston Medical Center ("BMC") submits this opposition to Plaintiff Tara Harmon's ("Plaintiff") Motion to Determine the Sufficiency of Defendant's Objections to Requests for Admissions ("Motion").

## INTRODUCTION

As set forth more fully below, Plaintiff is unnecessarily creating a discovery dispute by bringing this Motion in connection with her Requests for Admissions. Plaintiff is asking Defendant to admit or deny purported facts about the efficacy of vaccines on viral spread that Plaintiff admits are not settled, and rather are "now subject to active debate in the scientific community." In addition to seeking a position on a fact that has not been scientifically established, the requests grossly oversimplify the scientific concepts at issue. BMC thus properly objected on the basis that the Requests for Admission are vague and ambiguous.

Recognizing that Plaintiff is asking about concepts currently being studied and subject to debate in the scientific community, in Plaintiff's Motion she contends that under Rule 36 BMC is required to conduct its own independent scientific study of the effectiveness of vaccines to respond to Requests for Admissions. This contention is simply incorrect as Rule 36 contemplates no such requirement. The information necessary to respond to the requests is simply not within BMC's

knowledge, and could not be determined through the sort of reasonable inquiry contemplated by Fed. R. Civ. P. 36.

This Court should deny Plaintiff's Motion and find that BMC has properly objected to Plaintiff's Requests for Admissions.

## RELEVANT FACTUAL BACKGROUND

### I. The Basis For Plaintiff's Claims

At the time relevant to this action, Plaintiff worked as a Registered Nurse for BMC in its Cardiovascular Clinic. Compl., ¶ 6. In 2021, BMC implemented a COVID-19 Immunization Policy ("the Policy") requiring all staff to be vaccinated against COVID-19 absent an approved medical or religious exemption. Compl., ¶ 7. On August 24, 2021, Plaintiff submitted a request for an exemption from the Policy. Compl., ¶ 10. After engaging in dialogue with Plaintiff and considering her requested exemption, BMC ultimately denied Plaintiff's request on September 24, 2021. Compl., ¶ 11. Plaintiff chose not to be vaccinated, and BMC terminated her employment on October 18, 2021 due to her continued noncompliance with the Policy. Compl., ¶ 12. As a result, Plaintiff brought this action on October 31, 2022, claiming BMC discriminated against her on the basis of her religion in violation of Title VII and M.G.L. c. 151B.

### II. Plaintiff's Requests For Admissions

Plaintiff served requests for admissions on BMC on November 3, 2022, which contained the following requests:

> Request No. 1: That COVID-19 vaccines do not prevent recipients from contracting COVID-19.
>
> Request No. 2: That COVID-19 vaccines do not prevent recipients from transmitting COVID-19.

In compliance with its obligations, BMC timely[1] responded by objecting to the requests on the basis that the terms "prevent," "transmitting," "recipients," and "COVID-19" are vague and ambiguous as used in the requests as "it is asking BMC to admit or deny a highly complex scientific conclusion that is actively being debated in the scientific community." Additionally, BMC stated that because of the "statistical, empirical, and scientific analysis" required to answer the requests, BMC could not respond based on information in its possession or control.

On February 3, 2023, Plaintiff, through her counsel, wrote a letter to BMC indicating her dissatisfaction with BMC's response. Confusingly, in that letter, Plaintiff agreed that "whether [vaccines] stop people from catching and spreading COVID-19 is now subject to active debate in the scientific community," but also stated, "the conclusion itself is not a highly complex scientific one." Additionally, Plaintiff provided oversimplified definitions for the objected-to terms, failing to clarify the issue.

BMC promptly responded to Plaintiff's letter on February 15, 2023, explaining that the definitions did not solve the issue, which is that Plaintiff is "asking for a legally binding admission on a scientific question . . . currently subject to debate." Counsel for the parties had a brief phone call to confer further but were unable to resolve the issue. In response, Plaintiff filed this pending Motion.

## ARGUMENT

Plaintiff's Motion should be denied because BMC's objections to Plaintiff's requests for admissions are adequate. Pursuant to Fed. R. Civ. P. 36(a), "A party may serve on any other party

---

[1] Plaintiff's service of requests for admissions on November 3, 2022 was premature. Fed. R. Civ. P. 26(d)(1) provides that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) in anticipation of the scheduling conference. Counsel for Plaintiff and BMC conferred and agreed that BMC would serve responses to Plaintiff's requests for admissions 30 days after BMC filed its Answer and Affirmative Defenses with the Court. In line with the parties' agreement, BMC filed its Answer and Affirmative Defenses on January 3, 2023 and served its responses to Plaintiff's requests for admissions 30 days later on February 1, 2023.

a request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either . . . ." However, "Rule 36 is not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." In re New Eng. Compounding Pharmacy Prods. Liab. Litig., No. MDL No. 13-2419-RWZ, 2015 U.S. Dist. LEXIS 195156, at *41 (D. Mass. Sep. 8, 2015) (quoting T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 42 (S.D.N.Y. 1997)). A party may respond to a request by either admitting, denying, objecting, or expressing its incapacity to substantively respond. See Fed. R. Civ. P. 36(a). Here, BMC's objections to Plaintiff's requests for admissions are sufficient because 1) Plaintiff's requests are improper; and 2) BMC is not required to conduct a study and reach a conclusion regarding the impact of vaccines on viral transmission to respond to Plaintiff's requests for admissions.

**I.       Plaintiff's Requests For Admissions Are Improper.**

Plaintiff's requests for admissions are improper because they are vague and ambiguous. When ruling on a motion to determine the sufficiency of objections, the court "must consider the phraseology of the requests as carefully as that of the . . . objections." Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988). Requests "should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." Papadakis v. CSX Transp., Inc., Civil Action No. 04-30189-MAP, 2005 U.S. Dist. LEXIS 55746, at *4 (D. Mass. Oct. 14, 2005) (quoting United Coal Companies v. Powell Construction Co, 839 F.2d 958, 967-68 (3rd Cir. 1988)). Accordingly, objections to requests that "are vague and open to multiple interpretations" are sufficient. Id. at *4 (D. Mass. Oct. 14, 2005); Booth Oil Site Admin. Grp. v.

4

Safety-Kleen Corp., 194 F.R.D. 76, 81 (W.D.N.Y. 2000) ("[I]f the request as stated cannot be answered in a straightforward manner because it contains speculative elements, an objection may be interposed on that basis.").

Here, Plaintiff is attempting to elicit admissions regarding a very complex scientific question that is currently unsettled and subject to study and debate. Further, Plaintiff attempts this with grossly oversimplified admission statements. Defendant appropriately objected to the requests because the terms "prevent," "recipients," "transmitting" and "COVID-19" are impermissibly vague within the context they are being used here.

First, with regard to the term "COVID-19," as Plaintiff acknowledges in her Motion, she understands this to mean "the disease caused by the virus known as Severe Acute Respiratory Syndrome Coronavirus 2 (SARS-CoV-2)." However, she apparently fails to recognize there is a significant difference between a "virus" and a "disease" particularly in connection with questions regarding "contracting" or "transmitting."

On a very basic level, a virus causes a disease, and it is generally understood that it is the virus, not the disease, that is transmitted from one person to another.[2] The requests for admission are fatally flawed on this basis alone and Plaintiff's responses to the objections do not salvage them.

Further, regarding the term "prevent" Plaintiff further defined this term to mean "stop." When Plaintiff uses the expression "prevent recipients from contracting" it is unclear if she means completely preventing a virus from entering the body, preventing a person from developing a disease because of a virus, or something in between. Similarly, when Plaintiff uses the expression "prevent recipients from transmitting" it is unclear if she means completely preventing a virus

---

[2] See *How COVID-19 Spreads*, Aug. 11, 2022, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html (last visited Mar. 10, 2023).

from leaving the body, or preventing that virus from entering the bodies of others, etc.  The request also does not distinguish between individuals who develop a disease or not, or develop symptoms or not.  It is simply too vague and thus is an improper request.

The requests attempt to grossly oversimplify complex scientific inquiries that are currently being debated in the scientific community, and are therefore impermissibly vague, and Defendant is not obligated to answer them on that basis alone.

**II.    BMC Is Not Required To Conduct A Study And Reach A Conclusion Regarding The Impact Of Vaccines On Viral Transmission To Respond To Plaintiff's Requests For Admissions.**

Even if Plaintiff were able to articulate requests that were more precise, the scientific study required to allow Defendant to respond goes far beyond the "reasonable inquiry" required in connection with Rule 36 and Plaintiff's assertion that BMC is obligated to undertake such efforts should be rejected.  Requests for admissions should not be used to ask a party to admit facts of which it has no special knowledge.  In re New Eng. Compounding Pharmacy Prods. Liab. Litig., 2015 U.S. Dist. LEXIS 195156, at *41 (citation omitted).  An answering party "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).  However, "a reasonable inquiry is limited to review and inquiry of those persons and documents that are within the responding party's control." In re New Eng. Compounding Pharmacy Prods. Liab. Litig., 2015 U.S. Dist. LEXIS 195156, at *42.

Rule 36 does not require Defendant to conduct its own independent scientific course of study to provide an answer to questions regarding the overall efficacy of vaccines with respect to the spread of a virus or the disease it causes, as Plaintiff claims.  With regard to COVID-19, that

question is currently being studied and debated within the scientific community and experts in the relevant field.  Plaintiff's contention that BMC is required to take on its own course of scientific study in order to respond to Plaintiffs' Requests for Admission goes far beyond the scope of Rule 36 and should be rejected.  <u>Bouchard v. United States</u>, 241 F.R.D. 72, 76 (D. Me. 2007) ("A respondent is required 'to ascertain the truth if the ability to do so is reasonably within his power.'") (quoting <u>Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co.</u>, 812 F. Supp. 966, 987 (D. Neb. 1993)); <u>Koppel v. Moses</u>, No. 20-cv-11479-LTS, 2022 U.S. Dist. LEXIS 89219, at *5 (D. Mass. May 18, 2022) (denying requests for admissions where the requests seek information regarding the state of mind of a third party).

## **CONCLUSION**

For all the foregoing reasons, the BMC respectfully requests that the Court deny Plaintiff's Motion and further request that this Court award BMC its reasonable expenses incurred in opposing this unwarranted motion, including attorney's fees.

Respectfully submitted,

BOSTON MEDICAL CENTER,

By its attorney,

*/s/ Matthew D. Freeman*
Matthew D. Freeman (BBO #664355)
Matthew.Freeman@jacksonlewis.com
JACKSON LEWIS PC
75 Park Plaza, 4th Floor
Boston, MA  02116
Telephone:  617-367-0025
Facsimile:  617-367-2155

Dated:  March 13, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of March 2023, that a copy of the foregoing document was served upon counsel for the Plaintiff, Peter Vickery, Esq., Bobrowski & Vickery, LLC, 27 Pray Street, Amherst, MA 01002 via the ECF filing system.

                                */s/ Matthew D. Freeman*
                                JACKSON LEWIS P.C.