## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TARA HARMON,<br><br>    Plaintiff,<br><br>        v.<br><br>BOSTON MEDICAL CENTER,<br><br>    Defendant. | Civil Action No. 1:22-cv-11856-MJJ |

## DEFENDANT BOSTON MEDICAL CENTER'S MEMORANDUM OF LAW IN SUPPORT OF ITS SECOND MOTION TO COMPEL DISCOVERY RESPONSES, FOR SANCTIONS, AND TO EXTEND SCHEDULING ORDER DEADLINES

Defendant Boston Medical Center ("Defendant" or "BMC"), pursuant to Fed. R. Civ. P. 37(a), moves for an Order compelling Plaintiff Tara Harmon ("Plaintiff") to produce responsive documents to Requests Nos. 3, 11, 12, 13, 14, 15, 16, 19, 21, 22, 40, 41, 42, 43, 46. This Court ordered Plaintiff to serve complete document production on Defendant by October 2, 2023. Despite this Order, Plaintiff either failed to respond to requests, her responses are inappropriate, or her objections are meritless. To date, Plaintiff has failed to serve the requested documents. Supplementation of these requests for documents are vital to the discovery process so that Defendant can assess the full scope of the claims against it and prepare an adequate defense.

Given Plaintiff's continual failure to timely respond to discovery and to abide by this Court's Order, Defendant also moves for sanctions against Plaintiff in the form of costs and attorney's fees for this Motion pursuant to Fed. R. Civ. P. 37(a)(5).

In order to complete depositions, Defendant requires additional time and, in conjunction with this Motion, seeks a sixty (60) day extension to current scheduling order deadlines. As detailed below, Defendant has made every effort to timely complete discovery and Plaintiff's

delays in serving discovery responses has prevented Defendant from meeting the Court's current discovery deadline.

## **BACKGROUND**

At the time relevant to this action, Plaintiff worked as a Registered Nurse for BMC in its Cardiovascular Clinic.  Compl., ¶ 6.  In 2021, BMC implemented a COVID-19 Immunization Policy ("the Policy") requiring all staff to be vaccinated against COVID-19 absent an approved medical or religious exemption.  Compl., ¶ 7.  On August 24, 2021, Plaintiff submitted a request for an exemption from the Policy.  Compl., ¶ 10.  After engaging in dialogue with Plaintiff and considering her requested exemption, BMC ultimately denied Plaintiff's request on September 24, 2021. Compl., ¶ 11.  Plaintiff chose not to be vaccinated, and BMC separated her employment on October 18, 2021 due to her continued noncompliance with the Policy.  Compl., ¶ 12.  As a result, Plaintiff brought this action on October 31, 2022, claiming BMC discriminated against her on the basis of her religion in violation of Title VII and M.G.L. c. 151B.

Defendant served Plaintiff with discovery requests on May 24, 2023. Id.  Plaintiff failed to respond to interrogatories and document requests for nearly four months. Id.  Despite Defendant's multiple communications to Plaintiff's counsel between July and September, Plaintiff did not serve any discovery responses.  On September 20, 2023 Defendants filed a Motion to Compel Discovery Responses from Plaintiff.  Doc. No. 24.  On September 20, 2023, Plaintiff filed an opposition to Defendant's Motion stating her counsel had prepared Plaintiff's answers to Defendant's interrogatories and anticipated receiving responsive documents in 5 days.  Doc. No. 25.  An Order was entered on September 27, 2023 granting Defendant's Motion in part, as to responses to requests for documents and responsive documents, and denying in party, as to answers to

interrogatories.  Doc. No. 28.  Plaintiff was directed to complete document production within 5 days of the Order.  Id.

On October 3, 2023, Plaintiff served her Responses to Requests for Production with a small number of responsive documents, which included only Plaintiff's religious exemption request, her EEOC charge and communications, and a COVID antibody test result.  *See* A true and accurate copy of Cover Email and Plaintiff's Responses to Requests for Production, attached hereto as Exhibit A.  On October 6, 2023, Plaintiff served additional responsive documents, limited to signed authorizations, Plaintiff's request for religious exemption, and Plaintiff's resume.  *See* A true and accurate copy of October 6, 2023 Email, attached hereto as Exhibit B.  Plaintiff did not serve any further responsive documents on BMC.

Plaintiff's discovery responses were deficient in several respects.  On November 27, 2023, BMC emailed Plaintiff's counsel a letter detailing the deficiencies in Plaintiff's discovery responses.  Specifically, BMC's counsel requested that Plaintiff supplement her answers to interrogatories 10 and 15 and document requests 3, 11, 12, 13, 14, 15, 16, 19, 21, 22, 40, 41, 42, 43, and 46.  On December 1, 2023, the parties spoke via telephone, at which time Plaintiff's counsel stated that he agreed to supplement some of the discovery responses.  BMC's counsel sent an email confirming Plaintiff's agreement to supplement and requesting he serve his supplemental answers and responsive documents before mid-December.  *See* Exhibit C.  Plaintiff's counsel did not respond to the email.  To date, Plaintiff has only served supplemental responses to one of the many document requests BMC asked her to supplement.

Plaintiff has failed to comply with this Court's prior order to serve complete document production by October 2, 2023.  To date, BMC's counsel does not know if, and by when, Plaintiff intends to serve all responsive documents to which BMC is entitled.  Given Plaintiff's consistent

dilatory conduct, it is unlikely the Parties will be able to reach an agreement.  This Motion follows extensive efforts by BMC over the last several months to obtain complete discovery responses. Unfortunately, due to Plaintiff's dilatory conduct and failure to adequately and timely address multiple discovery deficiencies, BMC was forced to file this Second Motion to Compel.

## ARGUMENT

### A. <u>Standard</u>

Fed. R. Civ. P. 26(b)(1) provides that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…Information within this scope of discovery need not be admissible in evidence to be discoverable." Furthermore, "[a]s a general matter, relevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action." *Cherkaoui v. City of Quincy*, 2015 U.S. Dist. LEXIS 96234 (D. Mass.  July 23, 2015); *see also Brown v. Wal-Mart Assocs., Inc.*, 616 F. Supp.  3d 137, 141 (D. Mass. 2022) ("the limits set forth in Rule 26 must be construed to encompass any matter that bears on, or that reasonable could bear on, any issues that is or may be in the case.").  "[B]ecause discovery itself is designed to help define and clarify the issues, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Green v. Cosby*, 152 F. Supp.  3d 31, 34 (D. Mass. 2015).  When a party resists the production of evidence, it "bears the burden of establishing lack of relevancy or undue burden." *Baillargeon v. CSX Transp., Inc.*, 2022 U.S. Dist. LEXIS 68130, at *7 (D. Mass.  April 13, 2022) (citation omitted).

### B. <u>Plaintiff Should Be Compelled to Produce Responsive Documents.</u>

Despite the Parties' agreement that Plaintiff would serve written responses to requests for production and responsive documents by August 18, 2023, Plaintiff did not provide written responses or a document production until October 3, 2023 and October 6, 2023 – a full two months beyond the agreed deadline and only after this Court granted BMC's first Motion to Compel.  Even then, instead of fully responding to document requests Plaintiff either failed to respond, provided unacceptable responses, or objected to several requests without citing to any relevant authority. To date, Plaintiff has served only a small number of responsive documents.  Due to Plaintiff's delay in fully responding to these requests, BMC has been unable to schedule depositions and must seek a further extension of the discovery deadline.

1. ***Plaintiff's Objections to Requests Nos.  12-16 Are Meritless Because BMC is Entitled to Discovery of Information/Documents on the Alleged Religious Beliefs That Prevented Her From Receiving the COVID-19 Vaccine.***

BMC made several requests to Plaintiff for documents concerning communications between herself, her religious leader, and members of her congregation regarding the religious organization's position on the COVID-19 vaccine.  BMC also requested documents concerning Plaintiff's research into her religious organization and any other religious organizations conducted on or about December 2, 2020.[1]  Plaintiff objected to Requests Nos.  12-16 on the following basis:

Objection: Request No. 12 seeks information that is beyond the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed.  R. Civ. P. 26(b). Evidence is "relevant" if "it has any tendency to make a fact more or less probably than it would be without the evidence," and "the fact is of consequence in determining the action." Fed.  R. Evid. 401.

To demonstrate the sincerity of Plaintiff's religious beliefs, the religious nature of those beliefs, and the way in which those beliefs inform her inability to be injected with the products advertised as "COVID-19 vaccines" Plaintiff does not need to produce witnesses or documents from any religious leader.[2]

---

[1] The exact requests and objections are included in Exhibit A.
[2] Plaintiff's objections to Requests Nos. 12-16 were identical except for the final words of the final sentence, which varied only to reflect the different type of documents BMC was requesting. The exact objections are included in Exhibit A.

Plaintiff's boilerplate generalized objections are inadequate because they lack any explanation as to why the request is beyond the scope of discovery or irrelevant to the information sought by BMC.  "It is not enough to merely assert overbreadth, burden, or oppression; instead, the party resisting discovery must specifically show how each request for production is either not relevant or overbroad, burdensome, or oppressive." *Katz v. Shell Energy N. Am.  (US), LP*, 566 F. Supp. 3d 104, 107 (D. Mass. 2021) (citation omitted).  Plaintiff has not made this showing. Notably, Request No. 15 was already limited in scope to information on or about December 2, 2020 and Requests No. 13 and 14 are, as phrased, impliedly limited to dates between December 2020 to the present because Plaintiff did not join her current congregation until on or about December 2, 2020[3].

Additionally, Plaintiff's objection is also meritless because the information sought is directly relevant to her claims.  Plaintiff is claiming that her religious beliefs prevented her from complying with BMC's workplace requirement that she receive the COVID-19 vaccine.  To succeed on her claim, Plaintiff must establish both that the belief or practice is religious and that it is sincerely held.  Thus, BMC is entitled to discovery of any documents probative as to the issue of whether Plaintiff's conduct is inconsistent or contrary to the tenets of her professed religious belief and whether her beliefs are sincerely held.  *See E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de P.R.*, 279 F.3d 49, 56-57 (1st Cir.  2002); *see also Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 132 (1st Cir.  2004) ("inquiry as to whether an employee's belief is sincere is constitutionally appropriate").  Such probative documents include, but are not limited to, documents from her religious organization which communicate the organization's stance on the COVID-19 vaccine and Plaintiff's communications with her religious

---

[3] In conferring with Plaintiff's counsel, BMC offered to limit Request No. 12 to documents between 2021 to the present but Plaintiff's counsel did not respond to BMC's offer to limit the request.

leader and other members of her congregation regarding the religious organization's position on the vaccine. *See Griffin*, 2023 U.S. Dist. LEXIS 125845, at *13 (explaining that to succeed on a claim that an employment policy requiring vaccination was discriminatory, plaintiff must show that being vaccinated violates a tenet or principle of her religious belief). The documents sought by BMC are a critical component of Plaintiff's claim and BMC's defenses that must be completed before BMC can take Plaintiff's deposition.

### 2. *Plaintiff's Objections and/or Responses to Requests Nos. 3, 11 and 40 Are Meritless And She Should be Compelled to Supplement Her Response.*

<u>Request No. 3</u>: All documents that relate or pertain to the allegations in Plaintiff's Complaint that "Plaintiff had been part of a BMC-funded study of frontline nurses that showed Plaintiff had COVID-19 antibodies."

<u>Objection</u>: Defendant has these documents in its possession, and it is equally easy for Defendant to view those documents as it is for Plaintiff to produce them for Defendant.

<u>Request No</u>. 11: All documents concerning any medication or other matter of substance that Plaintiff has ingested or has permitted medical or health care providers to inject into her body.

<u>Response</u>: The authorizations that will enable Defendant to view the responsive documents are either attached hereto or will be sent separately.

<u>Request No. 40</u>: Any documents Plaintiff provided or transmitted to any of BMC's managers, supervisors, human resources personnel, agents, or employees regarding Plaintiff's allegations in the Complaint.

<u>Objection</u>: Defendant has those documents in its possession, and it is equally easy for Defendants to view those documents as it is for Plaintiff to produce them for Defendant.

BMC's Requests Nos. 3 and 40 are directly relevant to an allegation in Plaintiff's complaint and Plaintiff's objection is meritless because it is well-established that "a responding party is required to produce documents in its possession, custody or control regardless of whether the requesting party is already in possession of the requested documents." *Swenson v. Mobilityless, LLC*, C.A. No. 19-30168-MGM, 2022 U.S. Dist. LEXIS 114814, at *24 (D. Mass. June 29, 2022) (quoting *P.R. Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriqueña, Inc.*, 318 F.R.D.

224, 330 (D.P.R. 2016) (collecting cases)).  Accordingly, regardless of whether Plaintiff believes BMC is in possession of the information and/or documents requested, she is obligated to produce responsive documents.  If Plaintiff lacks any responsive documents, then she must supplement her written response by specifying if she was ever in possession of responsive documents and when those documents became lost, damaged, or were destroyed and the circumstances in which the loss occurred.

For the same reasons as those stated above, Plaintiff's response to Request No. 11 is inadequate and she must supplement by producing responsive documents.  Plaintiff's response is also inappropriate because it refers to a medical records authorization form BMC asked Plaintiff to sign in another request.  Request No. 11, in particular, is not seeking a signed authorization but, rather, documents in Plaintiff's possession concerning medication and other medical substances she has ingested or permitted health care providers to inject into her body.  Whether or not such information would also be contained in medical records BMC could gather through a signed authorization, is unrelated to Request No. 11.  Plaintiff has not objected to this request and, therefore, must supplement her response but producing responsive documents directly relevant to this request.

### 3. *Plaintiff Has Failed to Respond to Request No. 19 and Must Immediately Respond and Produce Responsive Documents.*

BMC requested "documents which constitute, relate to, or refer to any communication between Plaintiff and BMC…concerning the subject matter of this action.  Plaintiff provided no response and did not identify responsive documents to this request.  Plaintiff's response is now several months overdue.  Therefore, BMC requests that Plaintiff be ordered to immediately respond to this request and produce responsive documents.

### 4. *Plaintiff's Responses to Requests Nos.  21 and 22 are Unacceptable.*

<u>Request No. 21</u>: All documents which demonstrate, relate or refer to any financial loss that Plaintiff suffered, claims to have suffered, or claims Plaintiff will hereafter suffer as a result of any act or omission by BMC.

<u>Response</u>: The authorizations that will enable Defendant to view the responsive documents are either attached hereto or will be sent separately.

<u>Request No. 22</u>: Any and all documents concerning any damages Plaintiff intends to seek at the trial of this action.

<u>Response</u>: The authorizations that will enable Defendant to view the responsive documents are either attached hereto or will be sent separately.

Plaintiff's response referring to signed authorizations is inappropriate and misleading because these requests are seeking documents in Plaintiff's possession and not signed authorizations. Although BMC did request a signed medical records authorization, psychotherapy records authorization, employment records authorization, unemployment records authorization, and Form 4506 to request copy of tax returns, which Plaintiff provided, these are unrelated to the documents sought in Requests Nos. 21 and 22. Plaintiff's responses stating that BMC can gather documents sought in Requests Nos. 21 and 22 through authorizations is a blatant disregard of her discovery obligations. Regardless of whether BMC can gather the documents requested, Plaintiff is obligated to provide them. "[A] responding party is required to produce documents in its possession, custody or control regardless of whether the requesting party is already in possession of the requested documents." *Swenson v. Mobilityless, LLC*, C.A. No. 19-30168-MGM, 2022 U.S. Dist. LEXIS 114814, at *24 (D. Mass. June 29, 2022) (quoting *P.R. Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriqueña, Inc.*, 318 F.R.D. 224, 330 (D.P.R. 2016) (collecting cases)).

The documents sought are relevant because Plaintiff is seeking unspecified damages, emotional distress damages, costs, and attorney's fees. Compl. p. 10, "Payer for Relief", Doc. No. 1. Defendant is entitled to responsive documents regarding Plaintiff's alleged financial losses and damages not only because they are relevant, but pursuant to Fed. R. Civ. P. 26(a)(ii), which

9

required Plaintiff to compute each category of damage and make available for inspection and copying all unprivileged documents and other evidentiary material on which each computation is based. *See Viscito v. Nat'l Planning Corp.*, C.A. 3:18-20132-MGM, 2019 U.S. Dist. LEXIS 181635, at *21-22 (D. Mass. Oct. 21, 2019).  Plaintiff has not complied with her obligations under Fed. R. Civ. P. 26(a) nor, at any time, made available the documents on which her calculation of damages is based.

Therefore, BMC is entitle to the documents sought and Plaintiff must immediately supplement her responses by producing responsive documents.

### 5. *Plaintiff's Responses to Requests Nos. 41, 42, and 43 Are Unacceptable.*

Request No. 41: Any and all records maintained by any physician, health care facility, hospital, psychologist, psychiatrist, social worker, or other healthcare provider with whom Plaintiff visited, consulted, or received treatment of evaluation for any condition or symptom that Plaintiff claims was caused by or resulted from BMC's alleged conduct, including but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered.

Request No. 42: Any and all records maintained by any physician, health care facility, hospital, psychologist, psychiatrist, social worker, or other health care provider with whom Plaintiff visited, consulted or received treatment from at any time from January 1, 2016 to present, including, but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered.

Request No. 43: Any and all documents concerning any physical or mental condition that Plaintiff claims is at issue in this case, which were not already produced in response to the above requests.

In response to the above requests Plaintiff stated: "The authorizations that will enable Defendant to view the responsive documents are either attached hereto or will be sent separately." As already explained above, Plaintiff must produce responsive documents requested even if BMC has the ability to gather such documents.  *See* Swenson, 2022 U.S. Dist. LEXIS 114814, at *24. Further, BMC was not requesting signed authorizations in Requests Nos. 41-43, but documents in Plaintiff's possession.  Plaintiff's response blatantly ignores the particular request made by BMC

and her obligation to produce all documents in her possession sought by the requests.  Plaintiff should be compelled to immediately supplement her response to these requests by producing responsive documents.  The documents and medical records sought by BMC are relevant as probative of the issue of whether Plaintiff's conduct is inconsistent or contrary to the tenets of her professed religious beliefs.  *See E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de P.R.*, 279 F.3d 49, 56-57 (1st Cir.  2002); *see also Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 132 (1st Cir.  2004) ("inquiry as to whether an employee's belief is sincere is constitutionally appropriate").  Due to the nature of Plaintiff's claims, this Court should grant BMC's motion to compel medical records.

### 6.  *BMC is Entitled to Discovery on Documents Evidencing Plaintiff's Efforts to Mitigate Damages.*

Request No. 46: Any and all documents that relate or refer to any employment of Plaintiff during, or subsequent to her employment with Defendant, other than Plaintiff's employment with BMC (including any self-employment and any business of consulting work), including, without limitation, invoices for services rendered, correspondence to and from any employer or prospective employer, employment applications, and documents relative to compensation, income and benefits from subsequent employers, which were not produced in response to the above requests.

Response: The authorizations that will enable Defendant to view the responsive documents are either attached hereto or will be sent separately.

As detailed above, Plaintiff's response that BMC can gather the requested documents by use of authorizations is inappropriate.  *See* Swenson, 2022 U.S. Dist. LEXIS 114814, at *24. Furthermore, it is well established that "[d]ocuments and information showing the amount of income [Plaintiff] made from any position that [she] took following [her] termination…are relevant to the claims and defenses in this case." *Gillenwater v. Home Depot*, 2021 U.S. Dist. LEXIS 249513 at *8 (D. Mass.  Nov. 23, 2021).  Because "mitigation efforts directly impact the calculation of potential lost wage damages." *Id*.  *See also Tobin v. Liberty Mut.  Ins. Co.*, 553 F.3d 121, 141 (1st Cir. 2009) ("A victim of employment discrimination ordinarily has the duty to

mitigate damages by seeking alternative employment."). Therefore, Plaintiff should be compelled to produce responsive documents to Request No. 46.

## **CONCLUSION**

To date, Plaintiff has not confirmed when he will serve supplemental discovery responses, though in recent conversation he stated an inability to serve supplemental responses until on or about January 8, 2024 – two weeks past the current discovery deadline. However, given Plaintiff's history of dilatory conduct, BMC seeks Court intervention to ensure Plaintiff will comply with her discovery obligations without further delay. Furthermore, Plaintiff has failed to comply with the Court's Order on BMC's first motion to compel to produce all responsive documents and should be sanctioned.

For the reasons set forth above, BMC's Motion should be granted, and BMC respectfully requests that the Court enter an order:

(1) directing Plaintiff to supplement her responses to the Rule 33 interrogatories and Rule 34 document requests within five (5) days of the Court's Order;

(2) directing Plaintiff to complete her document production within five (5) days of the Court's Order;

(3) ordering that Plaintiff has waived objections to document requests because of her failure to provide timely responses;

(4) directing Plaintiff to pay BMC for the costs and fees incurred in bringing this Motion and award such other relief as may be deemed just and appropriate; and

(5) sixty (60) days' extension to the current scheduling order deadlines.

Respectfully Submitted,

BOSTON MEDICAL CENTER,

By its attorneys,

/s/ *Jeanette M. Piaget Figueroa*
Jamie L. Kessler, BBO# 681867
Matthew D. Freeman, BBO #664355
Jeanette M. Piaget Figueroa, BBO #707465
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
TELE: (617) 367-0025
Dated: December 27, 2023          FACSIMILE: (617) 367-2155

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 27, 2023.

/s/ *Jeanette M. Piaget Figueroa*
Jackson Lewis P.C.